IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| K FOSTER )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>LABOR READY, INC., a Washington )<br>corporation, LABOR READY )<br>MIDWEST, INC., a Washington )<br>corporation, TRUE BLUE, INC., a )<br>Washington corporation, and )<br>THE BOARD OF EDUCATION OF )<br>THE MUNDELEIN SCHOOL DISTRICT )<br>NUMBER 75, a body politic )<br>)<br>Defendants ) | Case No. |

## COMPLAINT

NOW COMES Plaintiff, K FOSTER, by and through her attorneys, NOONAN, PERILLO & THUT and as and for her Complaint against Defendants, LABOR READY, INC., a Washington corporation, LABOR READY MIDWEST, INC., a Washington corporation, TRUE BLUE, INC., a Washington corporation, and THE BOARD OF EDUCATION OF MUNDELEIN SCHOOL DISTRICT NUMBER 75, a body politic and in support thereof, hereby states as follows:

### GENERAL ALLEGATIONS

#### JURISDICTION

1. Plaintiff, K FOSTER is a citizen of the State of Missouri residing in St. Louis, Missouri, who was born on May 2, 1997, and reached her majority on May 2, 2015.

2. Defendant, LABOR READY, INC. is a corporation organized under the laws of the State of Washington and a wholly owned subsidiary of TRUE BLUE, INC., a Washington corporation.

1

3. Defendant, LABOR READY MIDWEST, INC., is a corporation organized under the laws of the State of Washington and is a wholly owned subsidiary of TRUE BLUE, INC., also a Washington corporation.

4. Defendant, TRUE BLUE, INC. is a corporation organized under the laws of the State of Washington with its principal place of business in Tacoma, Washington.

5. Labor Ready, Inc.; Labor Ready Midwest, Inc. and True Blue, Inc. (hereafter collectively the "Labor Ready Defendants") maintain their principal place of business in Tacoma, Washington and are, therefore, citizens of the State of Washington.

6. Defendant, THE BOARD OF EDUCATION OF MUNDELEIN SCHOOL DISTRICT NUMBER 75 (herein after referred to as "MUNDELEIN SCHOOL DISTRICT NUMBER 75") is a body politic which operates the Mechanics Grove Elementary School in Mundelein, Illinois and is therefore a citizen of the State of Illinois.

7. This Court has jurisdiction over this matter pursuant to 28 USC 1446 in that the parties hereto are citizens of different states and the amount in controversy exceeds $75,000.00.

8. Jurisdiction of this Court is further invoked in that Plaintiff also brings this action for violation of her civil rights pursuant to 42 USC 1983; the Judicial Code, 28 USC Section 1331 and 1343, and the Constitution of the United States.

## VENUE

9. Venue for this case lies in the Eastern Division of the Northern District of Illinois, in that the incidents which are the subject matter of this law suit occurred in Mundelein, Lake County, Illinois

## CAUSES OF ACTION

### COUNT I

### SEXUAL BATTERY LABOR READY DEFENDANTS

NOW COMES Plaintiff, K FOSTER, by and through her attorneys, NOONAN, PERILLO & THUT and complaining against Defendants, LABOR READY, INC., a Washington corporation, LABOR READY MIDWEST, INC., a Washington corporation, TRUE BLUE, INC., a Washington corporation (hereafter collectively the "Labor Ready Defendants") hereby states as follows:

1-9. Plaintiff restates and realleges Paragraphs 1 through 9 of this Count I as though fully stated forth herein.

10. At all times material hereto, Kendrick Ingram was the duly authorized agent and employee of the Labor Ready Defendants.

11. Kendrick Ingram was placed as a janitor into the Mechanics Grove Elementary School in Mundelein, Lake County, Illinois on April 26, 2006, by the Labor Ready Defendants.

12. In April of 2006, K FOSTER was a nine-year-old third grade student at the Mechanics Grove Elementary School in Mundelein, Illinois.

13. Following his placement at Mechanics Grove Elementary School in Mundelein, Illinois, Kendrick Ingram began preforming his duties as a janitor and worked there on a daily basis until approximately June 7, 2006.

14. On multiple occasions while he was working as a janitor at the Mechanics Grove Elementary School, Kendrick Ingram intentionally and deliberately sexually assaulted and battered K FOSTER, by kissing her on the lips and through other inappropriate and unlawful contact.

3

15. Following the instances of inappropriate and unlawful sexual contact by Kendrick Ingram, he did inform K FOSTER that she must keep the facts of his assaults and batteries secret, telling her that his wife was also a "pretty girl" and that she would be "jealous" if she were to learn that he was kissing K FOSTER. Kendrick Ingram clearly had the full intention of continuing his unlawful contact and he indicated that intention by writing to K FOSTER stating his desire to see her again and resume their relationship.

16. On or about June 7, 2006, Kendrick Ingram was arrested on felony charges of aggravated criminal sexual abuse and aggravated battery.

17. Kendrick Ingram plead guilty to the Class X felony of predatory criminal sexual assault arising out of his sexual abuse of minors at Mechanics Grove Elementary School.

18. On December 18, 2007, Kendrick Ingram was sentenced to eighteen years in the Illinois Department of Corrections.

19. During Kendrick Ingram's employment the Labor Ready Defendants were vicariously liable for the intentional acts that their employee Kendrick Ingram committed in the course of his employment at the Mechanics Grove Elementary School.

20. As a direct and proximate result of the multiple sexual assault and batteries of K FOSTER, she has been severely and permanently injured. She has experienced great pain and suffering and continues to experience great pain and suffering; she has experienced great distress and mental anguish and continues to suffer great mental distress and anguish all to the damage of Plaintiff, K FOSTER in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff, K FOSTER respectfully requests this Honorable Court enter judgment in favor of Plaintiff and against Defendants, LABOR READY, INC., LABOR READY MIDWEST, INC. and TRUE BLUE, INC. in an amount in excess $75,000.00, together with the costs of bringing this action.

## COUNT II

## LABOR READY DEFENDANTS NEGLIGENT HIRING

NOW COMES Plaintiff, K FOSTER, by and through her attorneys, NOONAN, PERILLO & THUT and complaining against Defendants, LABOR READY, INC., a Washington corporation, LABOR READY MIDWEST, INC., a Washington corporation, TRUE BLUE, INC., a Washington corporation (hereafter collectively the "Labor Ready Defendants") hereby states as follows:

1-9. Plaintiff restates and realleges Paragraphs 1 through 9 of Count I as for Paragraphs 1-9 of Count II as though fully stated forth herein.

10. Prior to April 26, 2006, Kendrick Ingram had a criminal history involving crimes of sexual abuse against minors which would reasonably indicate that he was an unfit person to be working in any capacity in an elementary school such as the Mechanics Grove school in Mundelein, Lake County, Illinois.

11. If the Labor Ready Defendants and/or MUNDELEIN SCHOOL DISTRICT NUMBER 75 performed a criminal background/history check on Kendrick Ingram, it would have revealed his criminal record of sexual abuse against minors.

12. At all times material hereto, it was the duty of the Labor Ready Defendants to perform criminal background checks on persons designated by it to work with children in elementary schools such as the Mechanics Grove school.

13. At all times material hereto, there was in full force and effect 750 ILCS 5/10-21.9(d) and 105 ILCS 5/10-21.9 which provides as follows:

> "No school board shall knowingly employ a person for whom a criminal history records check and Statewide Sex Offender Database check has not been initiated." 105 ILCS 5/10-21.9(d)

> "After January 1, 1990 the provisions of this Section shall apply to all employees of persons or firms holding contracts with any school district including, but not limited to, food service workers, school bus drivers and other transportation employees, who have direct, daily contact with the pupils of any school in such district. For purposes of criminal history records checks and checks of the Statewide Sex Offender Database on employees of persons or firms holding contracts with more than one school district and assigned to more than one school district, the regional superintendent of the educational service region in which the contracting school districts are located may, at the request of such school district, be responsible for receiving the authorization for a criminal history records check prepared by each such employee and submitting the same to the Department of State Police and for conducting a check of the Statewide Sex Offender Database for each employee. Any such information concerning the record of conviction and identification as a sex offender of any such employee obtained by the regional superintendent shall be promptly reported to the president of the appropriate school board or school boards." 105 ILCS 5/10-21.9(f)

14. The Labor Ready Defendants did breach their statutory duty and duty of ordinary care by committing one or more of the following negligent acts and/or omissions:

    a. Negligently and carelessly failed to perform any background check of Kendrick Ingram.

    b. Negligently and carelessly failed to perform a criminal history check on Kendrick Ingram.

    c. Negligently and carelessly failed to recognize a pattern of criminal activity by Kendrick Ingram on any background check which was performed.

6

    d.  Negligently and carelessly failed to take other steps which would have revealed that Kendrick Ingram was an inappropriate person to place as an employee with regular contact with children in an elementary school.

15. As a direct and proximate result of the Labor Ready Defendants negligence as aforesaid, Kendrick Ingram was placed in the Mechanics Grove Elementary School wherein he was allowed unfettered access to students of tender years, including but not limited to Plaintiff, K FOSTER.

16. As a further direct and proximate result of the Labor Ready Defendants negligence aforesaid, Kendrick Ingram was allowed to sexually assault and batter K FOSTER repeatedly.

17. As a direct and proximate result of the multiple sexual assault and batteries of K FOSTER, she has been severely and permanently injured. She has experienced great pain and suffering and continues to experience great pain and suffering, she has experienced great distress and mental anguish and continues to suffer great mental distress and anguish all to the damage of Plaintiff, K FOSTER in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff, K FOSTER respectfully requests this Honorable Court enter judgment in favor of Plaintiff and against Defendants, LABOR READY, INC., LABOR READY MIDWEST, INC. and TRUE BLUE, INC. in an amount in excess $75,000.00, together with the costs of bringing this action.

## COUNT III

### MUNDELEIN SCHOOL DISTRICT NUMBER 75'S NEGLIGENT SELECTION OF CONTRACTORS

NOW COMES Plaintiff, K FOSTER, by and through her attorneys, NOONAN, PERILLO & THUT and complaining against Defendant, MUNDELEIN SCHOOL DISTRICT NUMBER 75, a body politic hereby states as follows:

1-11. Plaintiff restates and realleges Paragraphs 1 through 11 of Count II as for Paragraphs 1-11 of Count III as though fully stated forth herein.

12. At all times material hereto, it was the duty of Defendant, MUNDELEIN SCHOOL DISTRICT NUMBER 75 to exercise reasonable care in the selection of contractors providing non-certified personnel to its schools, including the Mechanics Grove Elementary School.

13. At all times material hereto, there was in full force and effect 750 ILCS 5/10-21.9(d) and 105 ILCS 5/10-21.9 which provides as follows:

> "No school board shall knowingly employ a person for whom a criminal history records check and Statewide Sex Offender Database check has not been initiated." 105 ILCS 5/10-21.9(d)

> "After January 1, 1990 the provisions of this Section shall apply to all employees of persons or firms holding contracts with any school district including, but not limited to, food service workers, school bus drivers and other transportation employees, who have direct, daily contact with the pupils of any school in such district. For purposes of criminal history records checks and checks of the Statewide Sex Offender Database on employees of persons or firms holding contracts with more than one school district and assigned to more than one school district, the regional superintendent of the educational service region in which the contracting school districts are located may, at the request of such school district, be responsible for receiving the authorization for a criminal history records check prepared by each such employee and submitting the same to the Department of State Police and for conducting a check of the Statewide Sex Offender Database for each employee. Any such information concerning the record of conviction and identification as a sex offender of any such employee obtained by the regional superintendent shall be promptly reported to the president of the appropriate school board or school boards." 105 ILCS 5/10-21.9(f)

8

14. Notwithstanding its common law and statutory duties as aforesaid, Defendant, MUNDELEIN SCHOOL DISTRICT NUMBER 75 was then and there guilty of one or more of the following negligent acts and/or omissions:

    a. Negligently and carelessly failed to require its janitorial contractors to provide personnel who only successfully passed criminal background checks for its schools.

    b. Negligently and carelessly failed to require its janitorial contractors to be properly charted to do business in the State of Illinois.

    c. Negligently and carelessly failed to require its janitorial contractors to provide copies of its background checks prior to placing designated personnel in its schools.

    d. Negligently and carelessly failed to monitor its outsourcing program for contractors supplying non-certified personnel to schools.

    e. Negligently and carelessly failed to establish necessary rules and regulations for contractors providing non-certified personnel to schools.

    f. Negligently and carelessly failed to provide criminal background checks of its own on personnel assigned by its contractors or on a long-term or indefinite basis to its schools.

    g. Negligently and carelessly failed to take other reasonable and necessary steps to prevent inappropriate persons with histories of criminal sexual assault from obtaining employment in its schools.

16. As a direct and proximate result of the aforesaid negligent acts and/or omissions, Kendrick Ingram, was allowed by MUNDELEIN SCHOOL DISTRICT NUMBER 75 through its contract with the Labor Ready Defendants, to work as a janitor in the Mechanics Grove Elementary School, wherein he was allowed unfettered access to students of tender years, including, but not limited to, Plaintiff, K FOSTER.

17. As a further direct and proximate result thereof, Plaintiff, K FOSTER, was sexually assaulted and battered repeatedly.

18. As a direct and proximate result of the multiple sexual assault and batteries of K FOSTER, she has been severely and permanently injured. She has experienced great pain and suffering and continues to experience great pain and suffering; she has experienced great distress and mental anguish and continues to suffer great mental distress and anguish all to the damage of Plaintiff, K FOSTER in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff, K FOSTER respectfully requests this Honorable Court enter judgment in favor of Plaintiff and against Defendant, MUNDELEIN SCHOOL DISTRICT NUMBER 75 in an amount in excess $75,000.00, together with the costs of bringing this action.

## COUNT IV

### MUNDELEIN SCHOOL DISTRICT NUMBER 75'S VIOLATION OF 42 USCA 1983

NOW COMES Plaintiff, K FOSTER, by and through her attorneys, NOONAN, PERILLO & THUT and complaining against Defendant, MUNDELEIN SCHOOL DISTRICT NUMBER 75, a body politic hereby states as follows:

1-11. Plaintiff restates and realleges Paragraphs 1 through 11 of Count II as for Paragraphs 1-11 of Count IV as though fully stated forth herein.

12. At all times material hereto, it was the statutory duty of Defendant, MUNDELEIN SCHOOL DISTRICT NUMBER 75 to adequately scrutinize the backgrounds of employees provided to it by Defendant, LABOR READY, INC., including, Kendrick Ingram.

13. Defendant, MUNDELEIN SCHOOL DISTRICT NUMBER 75 did fail to ensure that a criminal history and/or criminal background was done upon Kendrick Ingram, prior to his placement as a janitor at the Mechanics Grove Elementary School in Mundelein, Lake County, Illinois.

14. The failure to ensure that a criminal history and/or criminal background was done upon Kendrick Ingram as a janitor at the Mechanics Grove Elementary School in Mundelein, Lake County, Illinois, was in violation of 750 ILCS 5/10-21.9(d) and 105 ILCS 5/10-21.9, which mandates that school district perform criminal history record checks and criminal background checks upon all employees who have direct daily contact with the peoples of any schools in the school district.

15. Had the employees, school board members or other representative of MUNDELEIN SCHOOL DISTRICT NUMBER 75 performed a criminal background check upon Kendrick Ingram, it would have concluded that the plainly obvious consequence of its decision to allow Kendrick Ingram to have unfettered access to children of tender years, would constitute a depravation of the Plaintiff's federally protected rights under Section 1983 of the Civil Rights Act (42 USCA 1983).

16. The failure of Defendant, MUNDELEIN SCHOOL DISTRICT NUMBER 75 to perform a criminal history record check and criminal background check upon Kendrick Ingram, was done maliciously, willfully and intentionally, with reckless disregard and gross negligence and deliberate indifference towards the Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendment on the Constitution of the United States and 42 USCA 1983.

WHEREFORE, pursuant to 42 USCA 1983, Plaintiff, K FOSTER demands actual and compensatory damages against Defendant, THE BOARD OF EDUCATION OF MUNDELEIN SCHOOL DISTRICT NUMBER 75 in an amount in excess $75,000.00 and, because this Defendant acted maliciously, willfully and/or wantonly with conscience disregard and indifference to the constitutional rights of the Plaintiff, award punitive damages, together with the costs of bringing this action, plus attorney's fees and such other and additional relief as this Court deems equitable and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

/S/ C. JEFFREY THUT
Attorney for K FOSTER

C. Jeffrey Thut
Attorney No. 6188219
NOONAN, PERILLO & THUT
25 N. County Street
Waukegan, IL 60085
847-244-0111